**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RONNIE WILLIAMS,

     Petitioner,                                  Civil No. 2:11-CV-14425
                                            HONORABLE MARIANNE O. BATTANI
v.                                     UNITED STATES DISTRICT JUDGE

SHIRLEE A. HARRY,

     Respondent,

_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT**
**OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

Ronnie Williams, ("Petitioner"), presently confined at the Pugsley

Correctional Facility in Kingsley, Michigan, has filed a *pro se* petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his

conviction for possession with intent to deliver less than fifty grams of heroin,

M.C.L.A. 333.7401(2)(a)(iv); and being a fourth felony habitual offender, M.C.L.A.

769.12.  Respondent has filed an answer to the petition for writ of habeas corpus.

As part of the answer, respondent argues that the petition is subject to dismissal

because it contains claims which have not been exhausted with the state courts.

For the reasons stated below, in *lieu* of dismissing the petition without prejudice,

the Court will hold the petition in abeyance and stays the proceedings under the

terms outlined in this opinion to permit petitioner to return to the state courts to

exhaust his additional claims.  If this fails, the petition will be dismissed without

1

prejudice.

## I.  Background

Petitioner was found guilty of the above offenses following a jury trial in the

Oakland County Circuit Court.  Petitioner's conviction was affirmed on appeal.

People v. Williams, No. 290933 (Mich.Ct.App. August 26, 2010); lv. den. 488

Mich. 1047; 794 N.W. 2d 606 (2011); reconsideration den. 489 Mich. 977, 798

N.W.2d 772 (2011).

On September 29, 2011, petitioner filed a petition for writ of habeas corpus

with this Court. [1]  Petitioner seeks habeas relief on the following claims:

I. DID THE STATE DISTRICT COURT ACQUIRE
SUBJECT-MATTER JURISDICTION?

II. DID PETITIONER RECEIVE GUARANTEED APPEAL OF
RIGHT?

III. WAS THERE PROBABLE CAUSE [FOR] BINDOVER?

IV. WAS A CRIME EVER COMMITTED?

V. DID APPOINTED COUNSEL WITHDRAW UNLAWFULLY?

VI. DID PETITIONER RECEIVE LEGAL WARNINGS?

VII. WAS EXCHANGING JUDGES PREJUDICIAL?

VIII. SHOULD TRIAL JUDGE HAVE GRANTED DIRECTED
VERDICT?

---

[1]  Under the prison mailbox rule, this Court assumes that petitioner filed his habeas petition on September 29, 2011, the date that it was signed and dated. See Neal v. Bock, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

IX. WAS APPELLATE COUNSEL INEFFECTIVE?

X. DOES STATE APPEALS COURT DUTY INCLUDE HONORING SUPREME COURT OPINIONS?

## II.  Discussion

Respondent contends that petitioner's habeas application is subject to dismissal because petitioner has failed to properly exhaust his second, fifth, sixth, and tenth claims with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). See Picard v. Connor, 404 U. S. 270, 275-78 (1971).  The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. See Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. See Wagner v. Smith, 581 F. 3d 410, 415 (6th Cir. 2009).  Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. Id. Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. See Pliler v. Ford, 542 U.S. 225, 230

(2004)(citing <u>Rose v. Lundy</u>, 455 U.S. 509, 510, 522 (1982)).  A habeas petitioner

has the burden of proving that he or she has exhausted his or her state court

remedies. See <u>Sitto v. Bock</u>, 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

The exhaustion requirement requires that a federal habeas petitioner fairly

present the substance of each federal constitutional claim to state courts using

citations to the United States Constitution, federal decisions using constitutional

analysis, or state decisions employing constitutional analysis in similar fact

patterns. <u>Levine v. Torvik</u>, 986 F. 2d 1506, 1516 (6th Cir. 1993).  In order to

exhaust state court remedies, a habeas petitioner must present his or her claim to

the state courts as a federal constitutional issue, not merely as an issue that

arises under state law. <u>Koontz v. Glossa</u>, 731 F. 2d 365, 368 (6th Cir.

1984)(internal citations omitted).  It is not enough that all the facts necessary to

support the federal claim were presented to the state courts, or that a somewhat

similar state law claim was made. <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982).

The mere similarity of claims between the state appeals and the federal habeas

petition is insufficient for exhaustion purposes. <u>Duncan v. Henry</u>, 513 U.S. 364,

366 (1995).

Petitioner has failed to properly exhaust his fifth and sixth claims with the

state courts.  Petitioner in his fifth claim alleges that his appointed counsel was

unlawfully permitted to withdraw as counsel by the trial court.  Petitioner,

however, raised this only in a footnote in the *pro per* supplemental brief that he

filed with the Michigan Court of Appeals as part of his appeal of right. [2]

Petitioner's citation to his fifth claim in a footnote of his appellate court brief is

insufficient to fairly present this claim to the Michigan Court of Appeals for

purposes of the exhaustion requirement. See Vasquez v. Jones, 496 F. 3d 564,

568 (6th Cir. 2007).

Petitioner's sixth claim involving the trial court's failure to give him

adequate warnings regarding the dangers of self-representation is also

unexhausted because he only presented it to the Michigan Court of Appeals as

part of his claim that the trial judge should have granted a directed verdict of

acquittal. [3]   Petitioner, in fact, merely stated that "Judge Andrews clearly refused

'Pro Se Legal Warnings' Pursuant to MCR 6.005(E)(1)", without even mentioning

that he had represented himself at trial, let alone alleging that he had not

knowingly and intelligently waived his Sixth Amendment right to counsel.  A

habeas petitioner's "sporadic and undeveloped allusions" to a claim do not satisfy

the exhaustion requirement. See Vasquez, 496 F. 3d at 568.

Petitioner's fifth and sixth claims are also unexhausted for two additional

reasons.  First, M.C.R. 7.212(C)(5) requires a statement of the questions

involved, with each issue for appeal separately numbered. See Dando v. Yukins,

---

[2]   See "Supplemental Brief Pursuant Administrative Order 1981-7, p. 1, n. 2 [See This Court's Dkt. # 6-11].

[3]   See "Supplemental Brief Pursuant Administrative Order 1981-7, pp. 5-6.

461 F. 3d 791, 797 (6th Cir. 2006).  In his *pro per* supplemental brief before the

Michigan Court of Appeals, petitioner failed to include his fifth or sixth claims in a

statement of questions, with either issue numbered separately.  By failing to list

his fifth or sixth claims in the headings in his supplemental brief, petitioner did not

fairly present his fifth or sixth claims to the state courts for purposes of properly

exhausting these claims. See Wagner v. Smith, 581 F.3d at 415-16.

Secondly, with respect to both his fifth and sixth claims, petitioner merely

cited to either Michigan cases or Michigan court rules, but did not cite to any

federal constitutional provisions, federal case law, or even allege that his federal

constitutional rights had been violated.  Petitioner did not fairly present either his

fifth or sixth claim to the Michigan Court of Appeals when his *pro per*

supplemental brief relied on state court cases, statutes, or court rules without

citing to a single federal case. See Slaughter v. Parker, 450 F.3d 224, 235-36 (6th

Cir. 2006).

Petitioner's subsequent presentation of his fifth and sixth claims to the

Michigan Supreme Court in his application for leave to appeal to the Michigan

Supreme Court would be insufficient to properly exhaust these claims.  Raising a

claim for the first time before the state courts on discretionary review does not

amount to a "fair presentation" of the claim to the state courts for exhaustion

purposes. See Castille v. Peoples, 489 U.S. 346, 351 (1989).  Because petitioner

failed to adequately present his fifth and sixth claims on his direct appeal with the

Michigan Court of Appeals, his subsequent presentation of these claims to the

Michigan Supreme Court does not satisfy the exhaustion requirement for habeas

purposes. See Skinner v. McLemore, 425 Fed. Appx. 491, 494 (6th Cir. 2011);

Farley v. Lafler, 193 Fed.Appx. 543, 549 (6th Cir. 2006).  Petitioner's fifth and sixth

claims are unexhausted. [4]

A habeas petitioner may not present a "mixed" petition containing both

exhausted and unexhausted claims to a federal court. Rockwell v. Yukins, 217 F.

3d 421, 423 (6th Cir. 2000).  Although this requirement is not jurisdictional, a

petition that includes unexhausted claims will ordinarily not be considered by a

federal court absent exceptional or unusual circumstances. Rockwell, 217 F. 3d

at 423.  Moreover, with the AEDPA, Congress made it clear that the only

circumstance in which mixed petitions may be considered by a district court is

where the court determines that the petition must be dismissed in its entirety. Id.

at 424.

Petitioner's habeas application is subject to dismissal because it contains

---

[4]  With respect to his second and tenth claims, it is unclear whether petitioner is even raising these issues as substantive claims for relief or is simply claiming that the Michigan Court of Appeals erred in denying his other claims.  To the extent that petitioner claims that the Michigan Court of Appeals denied him meaningful appellate review of his claims, this Court is aware that a habeas petitioner is required to exhaust with the state courts a claim that he was denied his right to appeal. See e.g. Williams v. Marshall, 628 F. 2d 934, 935 (6th Cir. 1980).  Although petitioner did not raise his second or tenth claims before the Michigan Court of Appeals, petitioner did raise these claims before the Michigan Supreme Court in his application for leave to appeal.  It appears that petitioner's second and tenth claims have been properly exhausted because petitioner's claim that the Michigan Court of Appeals denied him meaningful appellate review of his other claims could not have existed until after that court had denied his claims.  His subsequent presentation of these claims to the Michigan Supreme Court would appear to satisfy the exhaustion requirement. See e.g. Cola v. Reardon, 787 F.2d 681, 694 (1st Cir.1986)("to require defendants to object to appellate tribunal errors *prior* to the appellate opinion is, in our view, to impose unreasonable demands of foresight")(emphasis in original).

claims that have yet to be presented to the state courts.  This Court is concerned that the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the AEDPA's one year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).  A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. See Hargrove v. Brigano, 300 F. 3d 717, 720-21 (6ᵗʰ Cir. 2002).  A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." Rhines v. Weber, 544 U.S. 269, 278 (2005).

Petitioner's claims do not appear to be "plainly meritless." Wagner, 581 F. 3d at 419.  Further, petitioner may assert that he did not properly raise these claims in the state courts due to the ineffective assistance of appellate counsel. Id., at 419, nn. 4 and 5.  Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies,

the Court imposes upon petitioner time limits within which he must proceed. See

Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present his

claims in state court by filing a post-conviction motion for relief from judgment

with the state trial court within sixty days from the date of this Order. See Id.

Further, he must ask this Court to lift the stay within sixty days of exhausting his

state court remedies. Id.  "If the conditions of the stay are not met, the stay may

later be vacated nunc pro tunc as of the date the stay was entered, and the

petition may be dismissed." Palmer, 276 F. 3d at 781 (internal quotation omitted).

The exhaustion doctrine, in the context of habeas cases, turns upon an

inquiry of whether there are available state court procedures for a habeas

petitioner to exhaust his claims. See Adams v. Holland, 330 F. 3d 398, 401 (6th

Cir. 2003).  Petitioner has an available state court remedy with which to exhaust

his claims.  Exhausting state court remedies in this case requires the filing of a

post-conviction motion for relief from judgment under Michigan Court Rule 6.500,

et. seq. See Wagner, 581 F. 3d at 419.  Petitioner could exhaust these claims by

filing a post-conviction motion for relief from judgment with the Oakland County

Circuit Court under M.C.R. 6.502.  A trial court is authorized to appoint counsel

for petitioner, seek a response from the prosecutor, expand the record, permit

oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B)

and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan

Court of Appeals and the Michigan Supreme Court upon the filing of an

application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. See

Nasr v. Stegall, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is

required to appeal the denial of his post-conviction motion to the Michigan Court

of Appeals and the Michigan Supreme Court in order to properly exhaust any

claims that he would raise in his post-conviction motion. See e.g. Mohn v. Bock,

208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III.  ORDER

It is **ORDERED** that petitioner may file a motion for relief from judgment

with the state court within **sixty (60) days of receipt of this Court's order.**  If

petitioner fails to file a motion for relief from judgment with the state courts by that

date, the Court will dismiss his petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court

that such motion papers have been filed in state court.  The case will then be held

in abeyance pending the petitioner's exhaustion of the claims.  Petitioner shall re-

file a habeas petition within **sixty (60) days after the conclusion of the state**

**court post-conviction proceedings**.  Petitioner is free at that time to file an

amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court

to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the

related docket entry shall be considered a dismissal or disposition of this matter.

See Sitto v. Bock, 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the

habeas petition following exhaustion of state remedies, the Court may order the

Clerk to reopen this case for statistical purposes.

                                                    s/Marianne O. Battani
                                                    **HON. MARIANNE O. BATTANI**
                                                    **UNITED STATES DISTRICT COURT**

**DATED:** August 15, 2012

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order
was served upon the Petitioner via the Court's ECF Filing System, and
Counsel for the Respondent, electronically.

                                                    s/Bernadette M. Thebolt
                                                    Case Manager